**HUA YU CHEN, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 06–4044.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) April 15, 2008.

Filed: April 24, 2008.

Fengling Liu, New York, NY, for Petitioner.

David V. Bernal, Russell J.E. Verby, Lyle D. Jentzer, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SLOVITER, JORDAN, and ALARCÓN *, Circuit Judges.

OPINION OF THE COURT

JORDAN, Circuit Judge.

Hua Yu Chen petitions for review from the final order of the Board of Immigration Appeals ("BIA") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We will deny the petition.

I. Background

Chen is a native and citizen of the People's Republic of China ("China"). In March 2001, he arrived in the United States without valid entry documents, and an officer from the Immigration and Natu-

---

* Honorable Arthur L. Alarcón, Senior Circuit Judge of the Ninth Circuit Court of Appeals sitting by designation.

ralization Service ("INS") questioned him under oath. During the interview, Chen stated that he was seeking asylum because the Chinese government had forced him out of China. When asked why he was forced out of China, Chen responded, "Because my grandfather practice Falun Gong." (Joint Appendix ["JA"] at 181.) When the officer asked whether Chen practiced Falun Gong, he replied, "No." (Id.)

In April 2001, the INS served Chen with a notice to appear for removal proceedings. At the hearing, Chen conceded his removability but requested relief in the form of asylum, withholding of removal, and relief under the CAT.

During removal proceedings, Chen made two arguments in support of his requests for relief. First, he claimed that he had suffered past persecution in China because of his grandfather's involvement with Falun Gong. Chen testified that he was arrested on two separate occasions by authorities from the Public Security Bureau ("PSB"). His first arrest occurred in January of 1999, apparently in response to his escorting his grandfather to a plaza to practice Falun Gong. Chen was detained for several hours and asked to supply the PSB with names of Falun Gong members. However, Chen was released because he was unable to supply the authorities with the requested names.[1] The second arrest occurred later in 1999. Though his testimony was confusing and at times inconsistent in this regard, it seems that Chen fled to Cambodia for several months. Because he had entered Cambodia illegally, he was deported back to China. Chen claimed

that, following his deportation from Cambodia, the PSB detained him for a period of two months, during which time he suffered beatings. His testimony acknowledged, however, that documentation showed the second arrest was for his illegally crossing the border into Cambodia, not for an association with Falun Gong. He also said he was beaten because he refused to call his family for money to repay the Chinese government for his flight home from Cambodia.

Chen's second argument for relief was that he had a well-founded fear that he would be persecuted if forced to return to China. He testified with little elaboration that, if repatriated, the "Chinese government would send me to jail and beat me up." (JA at 119.)

The Immigration Judge ("IJ") denied Chen's requests for relief, finding that Chen had failed to establish that he had been persecuted based on his membership in, or any connection to, Falun Gong. Although there were inconsistencies in Chen's testimony,[2] the IJ concluded that, "[a]t the very most, if one would believe and eliminate all these discrepancies and confusion in his testimony, he was being questioned and detained by the authorities to gain information not about himself but about others." (JA at 40–41.) The IJ denied Chen's request for relief because Chen had not related his claim of past persecution, or his asserted fear of future persecution, to any of the protected grounds of the asylum statute. For the same reason, the IJ denied Chen's requests for withholding of removal and for relief under the CAT, the former because

1. According to Chen's testimony, after accompanying his grandfather to the plaza, he would go elsewhere to play until it was time to walk his grandfather home.

2. Again, the confusion concerned Chen's testimony surrounding his second arrest. It was unclear when the second arrest occurred.

The IJ determined that Chen's inconsistent testimony raised a question as to Chen's perception and recollection. Nevertheless, the IJ did not make an adverse credibility determination, deciding instead to attribute the confusion to the fact that Chen was young when the alleged incidents occurred.

Chen had "failed to establish that there is a clear probability that his life or freedom would be threatened if [returned] to his country," (JA at 43) and the latter because Chen "is not a member of the Falun Gong and ... his activities do not so closely relate to the Falun Gong to indicate that the respondent would be tortured by his government...." (*Id.* at 43.)

On appeal, the BIA affirmed, without opinion, the decision of the IJ. Chen then filed this petition for review.

## II. Discussion

■ On appeal,[3] Chen argues that the IJ erred in denying his request for asylum. "The Attorney General 'may' grant asylum to an alien who demonstrates that he/she is a refugee: a person unable or unwilling to return to the country of that person's nationality or habitual residence because of past persecution or because of a well-founded fear of future persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion." *Gao v. Ashcroft,* 299 F.3d 266, 271–72 (3d Cir.2002) (citing 8 U.S.C. §§ 1158(b)(1) and 1141(a)(42)(A)). Here, it is important to note that Chen does not claim to be a member of a protected class. Further, Chen has not shown that the government perceived him to be a member of a protected class. As the IJ correctly determined, Chen was not sought by the PSB "about his religious beliefs, political beliefs, [or] social group beliefs, but to obtain information about other individuals[,]" namely any Falun Gong adherents whom he knows.

Chen claims that the confusion regarding the circumstances of the second arrest improperly led the IJ to conclude that Chen was not credible. It is true that "[a]liens have the burden of supporting their asylum claims through credible testimony." *Gao,* 299 F.3d at 272 (citing *Abdille v. Ashcroft,* 242 F.3d 477, 482 (3d Cir.2001)). However, the IJ did not make an adverse credibility finding here. On the contrary, the IJ stated that "the Court ... is not necessarily indicating that it believes the respondent is not telling the truth...." (JA at 40.) The focus of the IJ was on the lack of a logical connection between Chen's testimony and his claim for relief. As the IJ put it, "the Court does not believe [Chen's] story reasonably establishes in any fashion that he was persecuted because of his membership in the Falun Gong or because [of] his suspected aid to the Falun Gong." (*Id.*) Because Chen described events that are not indicative of his being persecuted on a protected ground, we agree with the IJ's conclusion that Chen failed to establish under the asylum statute that he is entitled to relief.[4]

3. We have jurisdiction over a petition for review from a final order of removal pursuant to 8 U.S.C. § 1252(a)(1). Because the BIA affirmed the decision of the IJ without opinion, we review the decision of the IJ. *Zhang v. Gonzales,* 405 F.3d 150, 155 (3d Cir.2005). The IJ's factual determinations must be upheld if supported by substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and can only be reversed if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

4. Chen also argues that the IJ erred in finding that he had not sufficiently corroborated his claim. This Court has held that "the BIA may sometimes require otherwise-credible [asylum] applicants to supply corroborating evidence in order to meet their burden of proof." *Abdulai v. Ashcroft,* 239 F.3d 542, 554 (3d Cir.2001). Here, the IJ noted that Chen had been in the United States for a considerable period of time, during which he had obtained "virtually no corroborative information whatsoever to show that he was ever arrested by the authorities because he was bringing his grandfather to a place to practice Falun Gong and because he would not cooperate with the authorities in presenting the names of the other individuals who were engaged in that activity." (JA at 39–40) Chen did not present any evidence from friends or family about why he was seeking

■ We have also considered Chen's claims for withholding of removal and for relief under the CAT, and we find them to be likewise without merit since they are given barely a mention in his briefing and seem to be founded on the unsupported assertion that the Chinese government will attack him because he has been "involved" with Falun Gong. *Cf. Shehu v. Attorney General*, 482 F.3d 652, 657–658 (3d Cir. 2007) (failure to show "objectively reasonable basis for . . . fear of persecution so as to establish grounds for asylum" also means failure to establish "the clear proba-

---

refuge in the United States. That distinct lack of corroboration, however, is of no moment, because, even if Chen had provided corroboration, it still would not have overcome the central premise of the IJ's decision, which

bility of persecution required for withholding of removal[,]" and "[n]o evidence in the record compels the conclusion that [petitioner] is 'more likely than not' to be tortured with the consent or acquiescence of the . . . government upon his return." (citations omitted)).

## III.   Conclusion

For the foregoing reasons, we will deny Chen's petition for review.

---

was that Chen was not subject to persecution based on membership in a protected class.